# IN THE SUPREME COURT OF IOWA

No. 22–0403

Submitted November 15, 2023—Filed February 9, 2024

**ALYSSA PRATT,**

     Appellant,

vs.

**ADAM B. SMITH, M.D.; ADAM SMITH, M.D., P.C.;** and **TRI-STATE SPECIALISTS, L.L.P.,**

     Appellees.

---

Appeal from the Iowa District Court for Woodbury County, Roger L. Sailer, Judge.

An injured surgical patient sought interlocutory appeal from the district court's grant of summary judgment as to the patient's claim that a surgical clinic negligently retained an unfit surgeon. **REMANDED.**

Per curiam.

Jon Specht (argued) of Trial Lawyers for Justice, Decorah, for appellant.

Jeff W. Wright (argued) and Zack A. Martin of Heidman Law Firm, P.L.L.C., Sioux City, for appellees.

**PER CURIAM.**

This is one of five related appeals that have come before our court this term. All five appeals arose from suits brought by injured surgical patients. All five appeals involved claims against the same three defendants: a former surgeon named Adam Smith, M.D. (Dr. Smith); a professional corporation named Adam Smith, M.D., P.C. (Smith P.C.); and Tri-State Specialists, L.L.P. (Tri-State), a limited liability partnership that does business as a clinic.

In December, we issued opinions in two of those appeals: *Hilts v. Smith*, No. 22–1927, 2023 WL 8853039 (Iowa Dec. 22, 2023), and *Hummel v. Smith*, 999 N.W.2d 301 (Iowa 2023). Today, we resolve the last three appeals through our opinion in *Jorgensen v. Smith,* ___ N.W.3d ___ (Iowa 2024), and two per curiam opinions in *Pratt v. Smith*. This is one of the two *Pratt* opinions.

Here, we granted interlocutory appeal to decide whether the district court was correct in concluding that Iowa Code sections 147.140 and 668.11 requires dismissal of Alyssa Pratt's claims of negligent retention against Tri-State and Smith P.C. *See* Iowa Code § 147.140 (2019); *id.* § 668.11. Since we granted this appeal, we have addressed related issues in three of the new opinions mentioned above: *Jorgensen*, ___ N.W.3d ___; *Hilts*, 2023 WL 8853039; and *Hummel*, 999 N.W.2d 301. Those new opinions were not available to the parties to this case or to the district court during the proceedings that led to this appeal. And after consideration, we believe that fairness requires us to give the parties and the district court an opportunity to consider whether Alyssa Pratt's claims of negligent retention against Tri-State and Smith P.C. are viable in light of those opinions. We emphasize, though, that this remand should not be read as an expression of any opinion as to the proper outcome. Rather, we issue this remand solely to assure fairness in the process.

**REMANDED.**

This opinion shall not be published.